52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathy D. ISHMAN, Plaintiff-Appellant,
v.
Anthony FRANK, and any of his successors in office, in his
capacity as the Postmaster General of the United
States Postal Service, Defendant-Appellee.
 No. 94-15886.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Appeal from the United States District Court, for the District of Nevada, D.C. No. CV-85-00015-LDG; Lloyd D. George, District Judge, Presiding.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathy D. Ishman appeals pro se the district court's summary judgment in favor of her former employer, the United States Postal Service ("USPS"), in her employment discrimination action brought under 42 U.S.C. Sec. 2000e-16. Ishman alleged that the USPS wrongfully imposed a probationary period upon her reinstatement as a postal employee in May 1983, following her charges that she was discharged in retaliation for filing a complaint of discrimination with the Equal Employment Opportunity Commission. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and dismiss the appeal as moot.
 
 
 3
 "Mootness is a threshold jurisdictional issue." Southern Pacific Transp. Co. v. Public Util. Comm'n of Oregon, 9 F.3d 807, 810 (9th Cir.1993). A case becomes moot when a court can no longer grant effective relief. Burlington Northern R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir.1991).
 
 
 4
 Ishman is seeking compensatory damages for what she alleged was discriminatory treatment by the USPS. However, the Title VII employment provisions that were in effect at the time Ishman filed her complaint precluded compensatory damages. See Landgraf v. USI Film Products, 114 S.Ct. 1483, 1491 (1994). In addition, it is uncontested that Ishman received full back pay and seniority credit upon her reinstatement. Moreover, Ishman is not entitled to any injunctive relief because she cannot demonstrate that there is a cognizable danger of a future violation of her rights since she has already completed the probationary period and is now no longer employed with the USPS. See Lee v. Scmidt-Wenzel, 766 F.2d 1387, 1390-91 (9th Cir.1985). Thus, because no court can grant effective relief to Ishman, this action is moot. See id. Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court with instructions that the complaint be dismissed. Each party shall bear its own costs on appeal.
 
 
 5
 REMANDED WITH INSTRUCTIONS TO DISMISS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordinly, Ishman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for pubication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3